ELGUINDY, MEYER & KOEGEL, APC
RYAN N. MEYER, CA State Bar Number 258400
   *rmeyer@emklawyers.com*
2990 Lava Ridge Court, Suite 205
Roseville, CA 95661
Telephone:  (916) 778-3310
Facsimile:   (916) 330-4433

Attorneys for Plaintiff
OYC EQUITY, LLC, a Colorado limited liability company

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MISSOURI – EASTERN DIVISION

| | |
|---|---|
| OYC EQUITY, LLC, a Colorado limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>GARDNER CAPITAL, INC., a Missouri corporation,<br><br>Defendant. | Case No.:<br><br>**PLAINTIFF OYC EQUITY, LLC'S COMPLAINT FOR BREACH OF CONTRACT** |

OYC Equity, LLC, a Colorado limited liability company ("Plaintiff"), complains and alleges as against GARDNER CAPITAL, INC., a Missouri corporation ("Defendant") as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff is, and at all relevant times indicated herein was, a Colorado limited liability company, duly formed and existing under the laws of the State of Colorado, and having its principal place of business in Denver, Colorado.

2. Defendant, Gardner Capital, Inc. is, and at all relevant times indicated herein was, a Missouri corporation, duly formed and existing under the laws of the State of Missouri, and having its principal place of business in Clayton, Missouri.

/ / /

/ / /

**JURISDICTION AND VENUE**

3. The Plaintiff and Defendant, by virtue of their principal places of business, are citizens of different States, and the amount in controversy exceeds seventy-five thousand dollars ($75,000), thus this court has original jurisdiction over the instant matter under 28 U.S.C. § 1332.

4. Venue is proper under 28 U.S.C. § 1391 in that the Defendant resides in this judicial district.

**FACTUAL ALLEGATIONS**

5. On or around March 1, 2018, Plaintiff and Defendant entered into a Consultant Master Services Agreement (the "MSA"), the scope of work for which Plaintiff would provide services to Defendant was set forth on Schedule A thereto, generally consisting of originating solar energy projects ("Scope of Services"). The parties agreed that Plaintiff would be compensated by Defendant for such Scope of Services as set forth on Schedule B thereto.

6. In particular, the parties agreed that Plaintiff would receive, amongst other payments, a bonus payment of fifteen thousand dollars ($15,000) for each successful solar project that was originated under the MSA, the timing of such payment being when a project reaches its completion of development, is sold to a third party, or where Defendant relinquishes majority ownership in the project (any of which is deemed a "Bonus Triggering Event").

7. Thereafter, on or about June 4, 2018, Plaintiff and Defendant executed that certain Amendment to Consulting Master Service Agreement, which altered the bonus payment portion of Schedule B, and provided that Plaintiff would be paid a bonus payment equal to three thousand five hundred dollars ($3,500) per megawatt dc of any solar energy project originated under the MSA.

8. As is relevant to this matter, under the MSA, Plaintiff originated a twenty-five (25) megawatt dc project called the Manchester Solar Project (the "Manchester Solar Project") for Defendant. Thus, upon a Bonus Triggering Event, Plaintiff was eligible for a bonus payment equal to eighty-seven thousand five hundred dollars ($87,500) (the "Bonus Payment").

9. The Defendant sold the Manchester Solar Project to a third party (SunEast Development, LLC) on or about October 2, 2019.

///

10. The sale of the Manchester Solar Project to a third party is a Bonus Triggering Event, entitling Plaintiff to the Bonus Payment.

11. Plaintiff has made several demands to Defendant to remit the Bonus Payment, but to this date, Defendant has failed to do so, and as such there remains an outstanding sum due and payable to Plaintiff of eighty-seven thousand five hundred dollars ($87,500).

## FIRST COUNT

### (Breach of Contract)

12. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 11 above, inclusive, as though fully set forth herein.

13. Plaintiff and Defendant entered into a written contract, which required (amongst other things), Defendant to pay Plaintiff the Bonus Payment.

14. Plaintiff has fully performed all of the covenants and conditions of the MSA, or was excused or prevented from performing the same as a result of Defendant's breaches of the same.

15. Plaintiff has made demand upon Defendant for payment of the Bonus Payment, but neither the whole nor any part thereon has been paid.

16. Defendant breached the MSA by failing to remit the Bonus Payment to Plaintiff, despite written demand.

17. As a direct and proximate result of Defendant's breach of the MSA, Plaintiff has been damaged in the amount of eighty-seven thousand five hundred dollars ($87,500), plus interest at the maximum legal rate.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For damages in favor of Plaintiff in the amount of eighty-seven thousand five hundred dollars ($87,500);
2. For pre-judgment interest at the maximum legal rate; and

/ / /

/ / /

/ / /

3.  For such other and further relief as this Court deems just and proper.

Dated: October 28, 2020          Respectfully submitted,

ELGUINDY, MEYER & KOEGEL, APC

By: _____
          Ryan N. Meyer, Esq.
Attorneys for Plaintiff OYC EQUITY, LLC